UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH OLIVARES,

        Plaintiff,

v.

MARK LONG, and PERFORMANCE
ABATEMENT SERVICES
PERFORMANCE CONTRACTING GROUP

        Defendants.
_____/

Case No. 20-cv-11763

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES (ECF No. 2) and SUMMARILY DISMISSING ACTION

Before the Court is Plaintiff Joseph F. Olivares's Application to Proceed *In Forma Pauperis*. (ECF No. 2.) A review of the application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint is frivolous "where it lacks an arguable basis either in law

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) . . . Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Reading the Complaint liberally, Olivares alleges that Defendant Mark Long, the Director of Michigan's Workers' Disability Compensation Agency, violated 42 U.S.C. § 1983 ("Section 1983") by enforcing a 2005 order entered by a magistrate within the agency that denied Olivares wage loss benefits as a result of an injury to

2

his left shoulder. (ECF No. 1, Complaint, PgID 1–2, 4–7.) Olivares further alleges that Defendant Performance Abatement Services Performance Contracting Group fraudulently concealed a diagnosis of a bruised humeral head following Olivares's left shoulder surgery in 1988. (ECF No. 1, Complaint, PgID 3–4.)

This is at least the sixth time that Olivares has brought a federal court lawsuit alleging some version of these claims against these and other defendants. *See Olivares v. Mich. Workers' Comp. Agency*, No. 18-12343, 2019 WL 4688738, at *1–2 (E.D. Mich. Sept. 26, 2019) [hereinafter *Olivares I*] (collecting cases). His most recent suit was initially dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because the claims were barred by the doctrine of collateral estoppel, *Olivares v. Mich. Worker's Comp. Agency*, No. 18-12343, 2018 WL 4111908 (E.D. Mich. Aug. 29, 2018), but the Sixth Circuit vacated and remanded based on its finding that there was no evidence that Olivares's alleged hernia had been adjudicated in the prior agency rulings. *Olivares v. Mich. Worker's Comp. Agency*, No. 18-2369, 2019 WL 2299250 (6th Cir. Apr. 16, 2019). On remand, and after the defendants, including Defendants here, Mark Long and Performance Abatement Services Performance Contracting Group, filed Motions to Dismiss, the trial court dismissed the suit for failure to state a claim under § 1983 and under the doctrine of collateral estoppel because it found that Olivares had had an opportunity

to litigate the issue of his alleged hernia. *Olivares I*, No. 18-12343, 2019 WL 4688738.

Olivares's other lawsuits arising from this same 2005 order of the Workers' Disability Compensation Agency have been dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, *Olivares v. Performance Contracting Grp.*, 76 F. App'x 603, 605 (6th Cir. 2003), and because his claims are barred under Michigan's three-year statute of limitations for personal injuries, *Olivares v. Michigan Comp. Agency*, No. 17-13994, 2017 WL 8792723 (E.D. Mich. Dec. 27, 2017).

The Sixth Circuit found, in 2018, that the *Rooker-Feldman* doctrine is inapplicable to decisions of the Michigan Workers' Disability Compensation Agency, but that Olivares's claims were nevertheless barred by the statute of limitations. *Olivares v. Michigan Workers' Comp. Agency*, No. 18-1048, Doc. 24-1 (6th Cir. Nov. 15, 2018) [hereinafter *Olivares II*]. It further found that Olivares failed to plead fraudulent concealment with particularity because he did not show: "(1) that the defendants wrongfully concealed their actions; (2) that Olivares failed to discover 'the operative facts that are the basis of his cause of action' within the limitations period; and (3) that Olivares acted with due diligence until discovering the relevant facts." *Id.* (citing *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 850–51 (6th Cir. 2006)).

4

Olivares's new suit fares no better than his prior ones. First, Olivares filed this Complaint fifteen years after the 2005 order that allegedly harmed him, so this suit is barred by the three-year statute of limitations applicable to § 1983 claims. *See* Mich. Comp. Laws § 600.5805(2) (three-year limitations for personal injuries); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (statute of limitations applicable to personal injuries applies to § 1983 claims).

Second, his attempt to extend the limitations period by invoking Michigan's fraudulent concealment statute (Mich. Comp. Laws § 600.5855) falls well short. Fraudulent concealment must be plead with particularity. *See Evans*, 434 F.3d at 850–51. As stated by the Sixth Circuit in *Olivares II*, this requires pleading facts showing: "(1) that the defendants wrongfully concealed their actions; (2) that Olivares failed to discover 'the operative facts that are the basis of his cause of action' within the limitations period; and (3) that Olivares acted with due diligence until discovering the relevant facts." No. 18-1048, Doc. 24-1. Olivares's contention that Defendant Performance Abatement Services Performance Contracting Group's failure to disclose that Olivares had a bone bruise on his humeral head in 1998 led to future doctors being unable to correctly diagnose his shoulder problem does not show any of these factors. (ECF No. 1, Complaint, PgID 3–4.) Accordingly, Olivares's claims arising out of a 1998 injury and a 2005 order are barred by the statute of limitations.

For the reasons set forth above, IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs (ECF No. 2) is GRANTED. IT IS FURTHER ORDERED that the action is DISMISSED with prejudice. Finally, IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610–11.

IT IS SO ORDERED.

Dated: July 8, 2020                                        s/Paul D. Borman
Paul D. Borman
United States District Judge