UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH OLIVARES,

          Plaintiff,

v.

MARK LONG, and PERFORMANCE
ABATEMENT SERVICES
PERFORMANCE CONTRACTING GROUP

          Defendants.
_____/

Case No. 20-cv-11763

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

<u>ORDER DENYING (1) PLAINTIFF'S MOTION FOR RECONSIDERATION
(ECF NO. 8); and (2) PLAINTIFF'S MOTION FOR EX PARTE ORDER TO
PROVIDE PLAINTIFF WITH DIAGNOSIS OF ABNORMAL SIGNALING
DEEP WITHIN THE HUMERAL HEAD, IN ORDER TO EFFECTUATE THE
2000 ORDERED [SIC] HE SHALL RECEIVE REASONABLE AND
NECESSARY MEDICAL CARE FOR HIS ROTATOR CUFF INJURY (ECF
NO. 6)</u>

## I.    INTRODUCTION

Before the Court are Plaintiff Joseph F. Olivares's Motion for Reconsideration (ECF No. 8), and his Motion for Ex Parte Order to Provide Plaintiff with Diagnosis of Abnormal Signaling Deep Within the Humeral Head, in Order to Effectuate the 2000 Ordered [Sic] He Shall Receive Reasonable and Necessary Medical Care for His Rotator Cuff Injury. (ECF No. 6.) Olivares seeks reconsideration of this Court's order dismissing Olivares's Complaint for failure to state a claim and for being frivolous. (ECF No. 4.) Olivares also wants the Court to order the defendants to

provide him with a diagnosis of a left shoulder injury he sustained in 1998, which he believes would entitle him to worker's compensation benefits. (ECF No. 6, Motion for Ex Parte Order, PgID 37–40.) Olivares also filed an addendum to his Motion for Ex Parte Order. (ECF No. 7.)

The Court finds that Olivares's Motion for Reconsideration fails to identify a palpable defect in the Court's reasoning, and therefore denies the motion. (ECF No. 8.) Accordingly, the Court finds that it is without power to grant Olivares's Motion for Ex Parte Order because the case has been dismissed, and so denies that Motion as well. (ECF No. 6.)

## II. STANDARD OF REVIEW

"A motion for reconsideration [or rehearing] is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule 7.1(h)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017).

"A motion for reconsideration [or rehearing] should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). It should not be "used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). It follows, then, that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007), and parties "may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

### III. ANALYSIS

Olivares argues that the Court erred by finding that his lawsuit, filed under 42 U.S.C. § 1983, was barred by the three year statute of limitations applicable to § 1983 claims because the Order issued by the Workers' Compensation Agency Board of Magistrates was "void ab initio" because the agency adjudicators lacked

3

subject matter jurisdiction, which means that the statute of limitations does not apply. (ECF No. 8, Motion for Reconsideration, PgID 45, 49–50.) Olivares, however, has failed to plead any facts to support his argument that the Workers' Compensation Agency Board of Magistrates lacked jurisdiction over his claim when Magistrate Christopher P. Ambrose issued the 2005 Opinion and Order that Olivares now claims was void ab initio.

In his Complaint, Olivares argues that "there was no dispute before the Magistrate in 2005," which means that the Board of Magistrates lacked jurisdiction. (ECF No. 1, Complaint, PgID 6, ¶ 10.) Olivares is correct that Michigan law requires a dispute to vest the Board of Magistrates with jurisdiction:

> A dispute or controversy within the meaning of M.C.L.A. § 418.847; M.S.A. § 17.237(847) is a jurisdictional element. Its existence at the time a claim is properly filed with the Workmen's Compensation Bureau vests the Bureau with jurisdiction over the claim. That jurisdiction cannot be unilaterally divested by either party to the dispute.

*Adams v. Great Atl. & Pac. Tea Co.*, 81 Mich. App. 91, 94 (1978).

A dispute or controversy exists where either party demands a hearing or commences proceedings to determine the claimant's right to compensation payments. *See id.* ("[T]he proceedings were commenced by plaintiff to determine his disputed right to compensation payments from defendant."); *see also DeKind v. Gale Mfg. Co.*, 125 Mich. App. 598, 608, (1983) ("M.C.L. § 418.847; M.S.A.

4

§ 17.237(847) provides that an employer may dispute a claim and apply for a hearing before a referee. If the employer chooses to demand a hearing, there is an ongoing dispute.") *overruled on other grounds by Boden v. Detroit Lions, Inc.*, 193 Mich. App. 203, (1992).

In 2004, Olivares filed an Application for Hearing to determine his rights to compensation as a result of a 1998 workplace injury. (ECF No. 1, 2005 Order, PgID 14.) That Application resulted in a trial before Workers' Compensation Agency Magistrate Christopher Ambrose, who determined that Olivares was entitled to compensation from September 1, 2003 to May 20, 2005, thereby resolving the dispute between Olivares and his former employer, Performance Abatement Services. (*Id.* at PgID 14–25.) There is no question that Olivares' Application for Hearing created a dispute and therefore conferred jurisdiction on the Board of Magistrates. The 2005 Order that Olivares now contests, was not void ab initio due to lack of jurisdiction, but was the legally required resolution of a live dispute. *See* Mich. Comp. Laws § 418.847(2) ("The worker's compensation magistrate, in addition to a written order, shall file a concise written opinion stating his or her reasoning for the order including any findings of fact and conclusions of law.")

Olivares' other arguments about the validity of the 2005 Order focus on its factual findings—specifically the finding that his shoulder problems were degenerative and not the result of his 1998 workplace injury. (ECF No. 1, Complaint,

5

PgID 6, ¶ 10.) A factual error does not render an adjudicative decision void, and Olivares' arguments on this point are frivolous. So, too, is his contention that he has a due process right to an evidentiary hearing in this case. Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint if the action is frivolous or fails to state a claim before the defendant is even served, so it follows that there is no right to an evidentiary hearing on claims dismissed under this statute.

The 2005 Order is valid and not subject to collateral attack. The statute of limitations has run on the 42 U.S.C. § 1983 claim based on the 2005 Order that Olivares now brings. Therefore, the Court did not err in dismissing this case as frivolous and for failure to state a claim. Thus, the Court is without power to grant Olivares' Motion for Ex Parte Order because this case was correctly dismissed. (ECF No. 4.) Accordingly, the Court denies Olivares' Motion for Reconsideration (ECF No. 8) and his Motion for Ex Parte Order (ECF No. 6).

IT IS SO ORDERED.

Dated: July 31, 2020             s/Paul D. Borman
                                                         Paul D. Borman
                                                         United States District Judge